IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARROLL JOHNSON,
ADC #138237                                                                                          PLAINTIFF

v.                                              4:09CV00075JMM/HLJ

DIDI H. SALLINGS, et al.                                                                  DEFENDANTS

MEMORANDUM AND ORDER

Plaintiff Johnson, a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), has paid the $350.00 filing fee for this lawsuit filed pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief.   The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of his claim.  The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation."  Neitzke v. Williams, 490 U.S. § 319 (1989).  In addition, a complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Having reviewed plaintiff's complaint, the Court finds that it must be dismissed for failure to state a claim.   In order to state a claim for relief under § 1983, one must allege that a person

acting under the color of state law deprived the plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In this particular case, however, plaintiff fails to establish state action on the part of the defendants, his court-appointed public defenders and the Public Defender's Office. In Polk County v. Dodson, 102 S.Ct. 445, 453 (1981), the United States Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See also Rogers v. Bruntrager, 841 F.2d 853 (8th Cir. 1988). Accordingly,

IT IS, THEREFORE, ORDERED that pursuant to 28 U.S.C. §1915A(b)(1), plaintiff's complaint against defendants is DISMISSED for failure to state a claim.[1]

The Court hereby certifies that an in forma pauperis appeal taken from this Memorandum and Order and accompanying Judgment is considered frivolous and not in good faith.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 4th day of March, 2009.

_____
United States District Judge

---

[1] This dismissal is considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, which provides that a prisoner may not file a pro se civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.